UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GRUBB, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:23-cv-00209-DAD-JDP (PC)<br><br>ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO AN ORDER THAT HE TENDER THE ENTIRE FILING FEE, OR<br><br>(2) FILE AN AMENDED COMPLAINT WHOSE ALLEGATIONS MAKE A SHOWING OF IMMINENT DANGER<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

     Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis*, ECF No. 2.  He is, however, a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g). He has, in other words, filed three cases that have been dismissed for failure to state a claim. Plaintiff was identified as a three-striker in *Driver v. U.S. Special Master*, No. 1:17-cv-0202-DAD-BAM, at ECF Nos. 7 & 9.[1]  Plaintiff recognizes his status as a three-striker but alleges that he should be allowed to proceed *in forma pauperis* because he is in imminent danger of serious

---

[1] In that case, Judge McAuliffe found that plaintiff had filed three cases dismissed for failure to state a claim: (1) *Driver v. Martel*, Case No. 2:08-cv-01910-GEB-EFB (E.D. Cal.); (2) *Driver v. Kelso*, Case No. 2:11-cv-02397-EFB (E.D. Cal.); and (3) *Driver v. Epp*, Case No. 2:12-cv-00589-EFB (E.D. Cal.).

1

1  physical injury. ECF No. 1 at 3. The allegations in his complaint are inadequate to make this
2  showing.

3  Plaintiff's allegations are difficult to read, but appear to concern two issues. First,
4  plaintiff alleges that he is being forcibly medicated with an anti-psychotic drug and that it is
5  injurious to his health. *Id.* at 3. Specifically, he claims that he is not psychotic and that the drug
6  is doing nothing more than damaging his body. *Id.* The complaint is silent, however, as to
7  whether the drug in question is being administered pursuant to a court order. If it is, and the
8  procedural requirements for a forced medication injunction are met, these allegations are unlikely
9  to meet the standard for imminent danger. *See Kulas v. Valdez*, 159 F.3d 453, 455-56 (9th Cir.
10 1998) (noting that forced treatment can only be justified if a neutral fact finder determines that the
11 medication is medically and circumstantially appropriate; prisoners have the right to be present
12 and to be heard at proceedings at which this decision is reached). Plaintiff should address this
13 issue in an amended complaint, if he chooses to file one.

14 Second, plaintiff references a billion-dollar money collection claim, but I cannot make out
15 its specifics or exact relation to his claims about being forcibly medicated. In any event, it does
16 not suggest imminent danger.

17 As of now, plaintiff's complaint does not indicate that he is in imminent danger, and so he
18 does not fit into the exception contained within section 1915(g). Plaintiff may file an amended
19 complaint that addresses this deficiency. If he does not, I will recommend that this application to
20 proceed *in forma pauperis* be denied. If plaintiff decides to file an amended complaint, the
21 amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.
22 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be
23 complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once
24 an amended complaint is filed, the current complaint no longer serves any function. Therefore, in
25 an amended complaint, as in an original complaint, plaintiff will need to assert each claim and
26 allege each defendant's involvement in sufficient detail. The amended complaint should be titled
27 "First Amended Complaint" and refer to the appropriate case number.
28

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that his application to proceed *in forma pauperis* be denied and that he be made to pay the filing fee before this action can proceed.

2. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 25, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE