UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | Case No. 2:23-cv-00209-DAD-JDP (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| GRUBB, *et al.*, | |
| Defendants. | |

As I noted in my previous order, plaintiff, who seeks to proceed in forma pauperis, is a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g). He has, in other words, filed three cases that have been dismissed for failure to state a claim. Plaintiff was identified as a three-striker in *Driver v. U.S. Special Master*, No. 1:17-cv-0202-DAD-BAM, at ECF Nos. 7 & 9.[1] Plaintiff does not dispute that he is a three-striker but alleges that he should be allowed to proceed *in forma pauperis* because he is in imminent danger of serious physical injury. ECF No. 10 at 1. The allegations in his complaint are inadequate to make this showing. Accordingly, I recommend

---

[1] In that case, the magistrate judge found that plaintiff had filed three cases dismissed for failure to state a claim: (1) *Driver v. Martel*, Case No. 2:08-cv-01910-GEB-EFB (E.D. Cal.); (2) *Driver v. Kelso*, Case No. 2:11-cv-02397-EFB (E.D. Cal.); and (3) *Driver v. Epp*, Case No. 2:12-cv-00589-EFB (E.D. Cal.).

that his application to proceed *in forma pauperis* be denied and that plaintiff be directed to tender the full filing fee before proceeding.

As before, plaintiff vaguely alleges that he is being forcibly medicated with an anti-psychotic medication. ECF No. 10 at 3. He claims that the medication causes chest pains, heart palpitations, halitosis, and that the injections themselves are painful. *Id.* The medications are allegedly being administered pursuant to a state court order, but plaintiff alleges that he was refused entry to the last relevant court hearing by a correctional officer. *Id.*

This is not plaintiff's first case complaining about being subjected to involuntary anti-psychotics. He raised similar claims in 2019, when he alleged that he was being given painful, involuntary injections of medication. *See Driver v. ADA 1824 Panels*, No. 1:19-cv-1718 SAB PC, 2019 U.S. Dist. LEXIS 216896, *4 (E.D. Cal. Dec. 17, 2019) (adopted at *Driver v. ADA 1824 Panels*, No. 1:19-cv-01718-DAD-SAB (PC), 2020 U.S. Dist. LEXIS 110911, *2-3 (E.D. Cal. Jun. 24, 2020)). The court found at that time that his claims regarding the injections were too vague and conclusory to establish imminent danger of physical harm. *Id.* at *5. Plaintiff complained about involuntary injections again in 2022, and, once again, the court found his allegations insufficient to show imminent danger. *Driver v. Best*, No. 2:22-cv-01542-DB-P, 2022 U.S. Dist. LEXIS 199617, *5 (E.D. Cal. Nov. 1, 2022) (adopted at Driver v. Best, No. 2:22-cv-01542-TLN-DB-P, 2023 U.S. Dist. LEXIS 21397, *1 (E.D. Cal. Feb. 8, 2023). The court based its finding, in part, on the fact that plaintiff's "claims also appear to date back to at least 2019 when another court also found that plaintiff's claims of painful injections were inadequate to show imminent danger." *Id.*

I find that plaintiff's claims regarding his injections are insufficient to establish imminent danger. It appears that plaintiff has been under an involuntary medication order since at least 2019, and nothing in his current complaint indicates that a sudden, new risk factor has emerged. Indeed, plaintiff's complaint acknowledges receiving the injections in May 2022, some eight months before the initial complaint was filed in this case. ECF No. 10 at 4 (alleging that the pill form of his medication was "abruptly discontinued" and that he was put back on injections). Plaintiff apparently disagrees that the medication is necessary, and it may be that the injections

have undesirable side effects, but he has not made out a claim of imminent danger.

Accordingly, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be DENIED and that he be directed to tender the full filing fee within fourteen days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 16, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3